WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Mary Elizabeth Schipke,<br><br>Movant,<br><br>vs.<br><br>United States of America,<br><br>Respondent. | No. CV 10-001-TUC-CKJ (BPV)<br>No. CR 04-2195-TUC-CKJ (BPV)<br><br>**ORDER** |
|---|---|

Presently pending before the Court is Movant's "Motion for Release/Discharge Hearing" (Doc. 13); "Motion for Common Law Writ of Mandamus – Petition for Enforcement of Civil Rights (Emergency)" (Doc. 16); "Motion for Appointment of Counsel 18 U.S.C. §3006A or for Alternative Relief (Immediate Relief Requested)" (Doc. 17).

Motion to Appoint Counsel

While there is no constitutional right to counsel on federal collateral review, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), this Court has discretion to appoint counsel for movants seeking relief under 28 U.S.C. § 2255 when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2)(B).

Movant has not made the necessary showing for appointment of counsel at this time. Movant alleges that she is indigent, chronically-ill, disabled, and being subjected to "First Amendment Retaliation," and additionally, suffers from "[Segregated Housing Unit "SHU"] Syndrome" after "6 ½ months of prison torture in the SHU." (Doc. 17) The case is fully briefed, and no evidentiary hearing has been set.

Movant otherwise seeks relief concerning her conditions of confinement at Florence Correctional Center, Florence, Arizona. To seek relief against prison officials for violations of constitutional or federal statutory rights, a federal inmate must file an action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), rather than a habeas petition. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *see Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core [of habeas relief] and may be brought pursuant to § 1983"); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on the circumstances of confinement may be presented in a § 1983 action."); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (a civil rights action is the proper method to challenge conditions of confinement)). Accordingly, appointment of counsel at this stage of the proceedings would serve no purpose, as counsel could not pursue issues regarding Movant's conditions of confinement in this §2255 petition. Movant's motion for appointment of counsel will be denied without prejudice. If, at a later date, the Court determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2255 Proceedings.

<u>Motion for Common Law Writ of Mandamus – Petition for Enforcement of Civil Rights</u>

Also pending before the Court is Movant's motion to "obtain her immediate relief from unconstitutional confinement, and from cruel and unusual punishment, at [Florence Correctional Center]. (Doc. 16.)

To the extent that Movant seeks injunctive or compensatory relief based upon prison officials' alleged violation of her constitutional or federal statutory rights, Movant must commence an action pursuant to *Bivens*. When bringing a *Bivens* action, a prisoner

must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a certified copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a). The Clerk of Court will mail Movant the court-approved forms for filing a civil rights complaint and Application to Proceed *In Forma Pauperis* (Non-Habeas) to use in filing a *new* action pursuant to *Bivens*.

To the extent Movant is requesting enforcement of a court order that she be immediately transferred to the Federal Medical Center (FMC) Carswell in Fort Worth, Texas, this Court's review of the related criminal docket (CR 04-2195-TUC-CKJ) demonstrates that, at the time of the final disposition hearing, the District Judge made a recommendation that Movant be designated to FMC Carswell where she could receive the appropriate medical and mental health treatment required. *Id*., Doc. 593. Such recommendations are non-binding. *See* 18 U.S.C. 3621(b). Nonetheless, a review of the appellate court docket indicates that the United States Attorney had informed the Circuit Court, on September 6, 2011, that he anticipated Movant's designation to FMC Carswell. (C.A. No. 11-10266, DktEntry 6-1) A review of the Federal Bureau of Prisons inmate locator website has confirmed this designation[1].

For these reasons, Movant's motion will be denied as moot.

Motion for Release/Discharge Hearing

Also pending before the Court is a memorandum filed on June 8, 2011, designated a "Motion for Release/Discharge Hearing." (Doc. 13) In addition to the motion, two additional attachments were filed. (Docs. 14, 15.)

---

[1] www.bop.gov

To the extent Movant again raises issues of the appointment of counsel, release from solitary confinement, and transfer to FMC Carswell for medical treatment, these issues have been discussed and decided above or are resolved by her transfer to FMC Carswell, a Federal Medical Center, and are thus denied as moot.

To the extent Movant seeks relief based upon prison officials' alleged violation of her constitutional or federal statutory rights, Movant is again advised that, to the extent that Movant seeks injunctive or compensatory relief based upon prison officials' alleged violation of her constitutional or federal statutory rights, Movant must commence an action pursuant to *Bivens*.

To the extent this motion is filed in reply to the Government's response to Movant's motion to vacate, set aside or correct sentence by a person in federal custody, it is untimely pursuant to the District Court's screening order allowing Movant thirty (30) days to file a reply. (Doc. 4) The Government's response was filed on May 27, 2010. (Doc. 11) This motion was filed over a year later, on June 8, 2011, (Doc. 13), and thus will be stricken as an untimely reply.

To the extent Movant is attempting to raise new claims of ineffective assistance of counsel during Movant's trial (see Doc. 13, p.3), these claims are not properly before the Court. Because Movant has failed to raise the issues, as required by Rule 2(b) of the Rules Governing Section 2255 Proceedings, they are not properly before this Court. *Cf. Mayle v. Felix*, 545 U.S. 644 (2005) (citing Rule 2(c) of the Rules Governing §2254 Cases, which instructs Movant to "specify all grounds of relief available" and to "state the facts supporting each ground"); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994) (indicating that the only habeas claims a district court will consider are those contained in the habeas petition itself or those raised in an amended petition or statement of additional claims). Movant has not filed a motion to amend her petition pursuant to Rule 15 of the Federal Rules of Civil Procedure, and, accordingly, the Court will not

consider any new claims raised for the first time in these papers.

To the extent Movant is raising new claims regarding the District Court's revocation of supervised release, Movant presently has a direct appeal from the revocation of supervised release, judgment and sentence pending in the United States Court of Appeals for the Ninth Circuit (No. 11-10266). For reasons of judicial economy, district courts should not consider an application for writ of habeas corpus when the Movant has a direct appeal pending in the Court of Appeals or the Supreme Court. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997). " 'Except under most unusual circumstances ... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.' " *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988) (quoting *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970)). *See also* Rule 5, Rules Governing Section 2255 Proceedings for the United States District Courts, Advisory Comm. Note (1976) ( "[T]he courts have held that [a § 2255 motion] is inappropriate if the movant is simultaneously appealing the decision."). There are no unusual circumstances that would justify an exception to this rule. Furthermore, as discussed above, because Movant has failed to raise the issues, as required by Rule 2(b) of the Rules Governing Section 2255 Proceedings, such claims are also not properly before this Court.

To the extent that this motion requests that her pending *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Motion"). (Doc.# 1.) be granted, or an evidentiary hearing be set, the motion will be denied as untimely and duplicative. The Magistrate Judge has taken the matter under advisement, and in due course, after it has fully considered the documents filed by the parties, including the motion, the answer, any transcripts, and records of prior proceedings, and any materials submitted under Rule 7, will determine whether an

evidentiary hearing is warranted, and file proposed findings of fact and recommendations for disposition. *See* Rules 8(a) and 8(b), 28 U.S.C. foll. § 2255.

Accordingly, for all these reasons, Movant's Motion for Release/Discharge (Doc. 13) will be denied.

**Warnings:**

    **Address Changes**

Movant was previously warned, in the Court's January 12, 2010 order (Doc. 4.) that she must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant was warned that failure to comply may result in dismissal of this action. Movant is again admonished that failure to file and serve a notice of change of address will likely result in dismissal of this action.

Accordingly,

IT IS THEREFORE ORDERED:

  **(1)** Movant's Motion for the Appointment of Counsel (Doc. No. 17) is **DENIED WITHOUT PREJUDICE.**

  (2) Movant's Motion for Common Law Writ of Mandamus – Petition for Enforcement of Civil Rights (Doc. 16) is **DENIED** as moot.

  (3) Movant's Motion for Release/Discharge Hearing (Doc. 13) is **DENIED**.

IT IS FURTHER ORDERED the Clerk of Court is **DIRECTED** to:

  (4) **UPDATE** Movant's address with the following address:

    Mary Elizabeth Schipke
    Reg. 01690-184
    FMC Carswell
    Federal Medical Center
    P.O. Box 27137
    Fort Worth, TX 76127

(5) **MAIL** Movant the court-approved forms for filing a civil rights complaint and Application to Proceed *In Forma Pauperis* (Non-Habeas) to use in filing a *new* action pursuant to *Bivens*.

Dated this 26th day of September, 2011.

_____
Bernardo P. Velasco
United States Magistrate Judge