IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Elizabeth Schipke,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | No. CV-10-0001-TUC-CKJ<br>No. CR-04-02195-TUC-CKJ<br><br>**ORDER** |

On January 4, 2010, Petitioner Mary Elizabeth Schipke ("Petitioner"), who was confined in the Federal Medical Center at Carswell in Fort Worth, Texas, filed a *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Doc. 1). On May 27, 2010, the Government filed its Response (Doc. 11). On October 21, 2011, Magistrate Judge Velasco issued a Report and Recommendation ("R & R") (Doc. 27) recommending denial of the petition. On November 28, 2011, Petitioner filed her Objections to Report and Recommendation of Magistrate Judge – 10-21-11 and Motion for Extension of Time (Doc. 31 & 32) and on December 2, 2011 she filed an Emergency Motion for Financial Assistance Under the Criminal Justice Act (Doc. 33).

**I.   FINANCIAL ASSISTANCE**

Petitioner seeks financial assistance to litigate the instant case, as well as the appointment of counsel to administer the funds. Pet.'s Emergency Mot. for Financial Assist. Under the CJRA (Doc. 33) at 1. Petitioner seeks relief pursuant to the Criminal Justice Act ("CJA"). 18 U.S.C. § 3006A.

1  "[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions."
2  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). "Indigent state prisoners applying
3  for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a
4  particular case indicate that appointed counsel is necessary to prevent due process
5  violations." *Id.* (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam);
6  *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965); *see also Bonin v. Vasquez*, 999 F.2d
7  425, 428-29 (9th Cir. 1993) ("the district court abuses its discretion when the case is so
8  complex that due process violations will occur absent the presence of counsel.") Further, the
9  Court may appoint counsel when "the interests of justice so require."  18 U.S.C. §
10 3006A(a)(2).

11 Additionally, the rules governing habeas proceedings mandate the appointment of
12 counsel "[i]f necessary for effective discovery . . ." or "[i]f an evidentiary hearing is
13 warranted . . . ."  Rules Governing Section 2254 Cases 6(a) & 8(c); *see also Knaubert v.*
14 *Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (noting "that unless an evidentiary hearing is
15 held, an attorney's skill . . . is largely superfluous; the district court is entitled to rely on the
16 state court record alone.").  In determining whether to request the assistance of an attorney,
17 the Court  considers the "likelihood of success on the merits and the ability of the [plaintiff]
18 to articulate [his] claims pro se in light of the complexity of the legal issues involved."
19 *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d
20 952, 954 (9th Cir. 1983)).   Finally, the CJA provides that "[c]ounsel for a person who is
21 financially unable to obtain investigative, expert, or other services necessary for adequate
22 representation may request them in an ex parte application.  Upon finding, after appropriate
23 inquiry in an ex parte proceeding, that the services are necessary and that the person is
24 financially unable to obtain them, the court . . . shall authorize counsel to obtain the
25 services." 18 U.S.C. § 3006A(e)(1).

26 Petitioner seeks the appointment of counsel and financial assistance for obtaining legal
27 copies.  Petitioner has failed to make any showing that investigative, expert or other services
28 as contemplated by Section 3006A(e)(1) are necessary or required.  Moreover, Petitioner has

1 demonstrated that she is capable of filing voluminous records with this Court, but cannot
2 demonstrate a likelihood of success on the merits.[1]  Accordingly, the Court finds that
3 Petitioner is not entitled CJA funds, and her motion (Doc. 33) is denied.

## II.   HABEAS PETITION

Petitioner's objections(Doc. 31 & 32) reiterate her objection to the reassignment from Judge Tashima to this Court. In its October 26, 2011 Order (Doc. 28), this Court addressed these concerns and directed Petitioner to "actively litigate this case in compliance with this Court's previous Orders." *Id.* at 3. Additionally, Petitioner seeks additional time to file additional objections to Magistrate Judge Velasco's R & R. Pet.'s Obj. to R & R of Magistrate Judge – 10-21-11 and Mot. for Ext. of Time (Doc. 32) at 2. Petitioner's reasons for requiring additional time are based primarily upon "obstruction of justice" because "the Tucson court grossly neglected to transfer the case file to Judge Tashima[.]" *Id.* (emphasis in original). Additionally, she alleges that she needs additional money for legal copies. *Id.* The Court finds these arguments without merit. Petitioner was able to file the current "Objections to Report and Recommendation," and has not provided any cause for allowing additional objections.

Magistrate Judge Velasco's R & R thoroughly explained why Petitioner's habeas petition is without merit. Moreover, this Court has reviewed the Petition and attendant exhibits and records in this case. As such, the Court agrees with Magistrate Judge Velasco's conclusion that Petitioner is not entitled to relief. Accordingly, the Report and Recommendation shall be adopted.

. . .

. . .

. . .

---

[1] Petitioner has not filed an application for *in forma pauperis* status pursuant to Section 1915, Title 28, of the United States Code.

**III.    CERTIFICATE OF APPEALABILITY**

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Motion is brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

Upon review of the record in light of the standards for granting a COA, the Court finds that reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong. As such, the Court concludes that a COA shall not issue, as further proceedings are unwarranted.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

. . .

Accordingly, IT IS HEREBY ORDERED that:

1) The Report and Recommendation (Doc. 27) is ADOPTED;

2) Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) is DENIED;

3) Petitioner's Motion for Emergency Court Order for Prison Law Library Time at FMC-Carswell, etc. (Doc. 26) is DENIED;

4) Petitioner's Emergency Motion for Financial Assistance Under the Criminal Justice Act (Doc. 33) is DENIED;

5) Petitioner's Motion for Extension of Time (Doc. 32) is DENIED; and

6) The Clerk of the Court shall enter judgment and close its file in this matter.

DATED this 28th day of March, 2013.

Cindy K. Jorgenson
United States District Judge